## AARON MOORE v. THE STATE.

CRIMINAL LAW. *Venue. Proof.*

M. was indicted, in Clay County, for the larceny of a number of cattle. The proof showed that the accused stole the cattle in Oktibbeha County, and wa seen near the line of Clay County, but in Oktibbeha, driving them towards the town of West Point, in Clay County, where he resided, but that when he entered West Point he had no cattle with him. *Held,* that this is not sufficient proof of the venue to warrant a conviction in Clay County.

ERROR to the Circuit Court of Clay County.

Hon. J. M. ARNOLD, Judge.

The plaintiff in error was indicted, in Clay County, for the larceny of a number of cattle of the aggregate value of $95. He was tried and convicted, and made a motion for a new trial, which was overruled, and this writ of error sued out. The facts proven are stated in the opinion of the court.

*Fred. Beall,* for the plaintiff in error.

It was essential to the conviction that the offense should have been proved to have been committed in Clay County, as laid in the indictment. *Vaughan* v. *The State*, 3 Smed. & M. 751; 1 Chitty's Cr. Law, 176. The locality of the crime is a matter of substance, and must be proven beyond a reasonable doubt; and while it is true that it may be proven by circum-

stances, yet those circumstances must raise "a violent presumption that the offense for which the prisoner was indicted was committed in the county where he was tried." Whart. Cr. Law, 280 ; *The State* v. *Calvin*, Charlt. 152.

*T. C. Catchings*, Attorney-General, for the State.

It is claimed for the plaintiff in error that there was no sufficient proof of the venue. But, while the proof was circumstantial, it is sufficiently strong to uphold the verdict. Considering the facts proven, the jury were well warranted in believing that the cattle were stolen in Oktibbeha and driven into Clay County, where the indictment was found. It was for the jury to say whether the proof was satisfactory.

CHALMERS, J., delivered the opinion of the court.

There is no sufficient proof of venue. The evidence points to the conclusion that the accused, who lived in Clay County, went into Oktibbeha, and there stole the cattle and drove them to his home in Clay, but they were never seen in the latter county. It is proven that the prisoner was seen driving them late in the evening towards the town of West Point, in Clay County, where he resided, but he was then still in Oktibbeha, though near the county line. The cattle were never seen after this, nor is it shown what became of them. Undoubtedly the original asportation was in Oktibbeha. To warrant a conviction in Clay, it must be shown that the cattle were carried there. It is said that, "if the evidence raises a violent presumption that the offense for which the prisoner is indicted was committed in the county in which he is tried, it is sufficient." 1 Whart. Cr. Law, sec. 601.

There are many cases in which venue may be inferred from presumptions ; as, where, in indictments for homicide, the dead body — or, in cases of larceny, the stolen property — is found in the county ; but this case raises no such violent presumption. The venue is a part of the crime. Unless the cattle were carried into Clay, there was no offense there. They may have escaped, or been sold, or slaughtered by the thief before

reaching the line.  It is proven that the accused was met as he came into the town of West Point, and that he then had no cattle with him.  The proof is insufficient to support a conviction in Clay County.

Reversed and remanded for new trial.